Date Signed:
July 12, 2017



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>AH MEI CHUN,<br><br>                      Debtor. | Case No.: 14-01285<br>Chapter 7 |
| RICHARD YANAGI, Trustee,<br><br>                      Plaintiff,<br><br>    vs.<br><br>ANTHONY NARVAES, et al.,<br><br>                      Defendants. | Adv. Pro. No.: 16-90028<br><br><br><br><br><br>Re: Dkt. No. 111 |

## MEMORANDUM DECISION ON
## MOTION FOR PARTIAL SUMMARY JUDGMENT
## BY DEFENDANTS DENNIS AND STANLEY NARVAES

      The question presented is whether the bankruptcy court should adjudicate the rights of certain beneficiaries in a trust, even though the court has decided that the bankruptcy estate of one of the beneficiaries has no claim against the trust. I

conclude that the answer is no.

Antonio Narvaes is the late husband of Ah Mei Chun, the debtor in the main chapter 7 proceeding. Antonio had three sons by a prior marriage, Anthony, Dennis, and Stanley. Anthony is married to Lan Le Narvaes and has two sons, Aaron Mark and Antonio Michael Narvaes.

Antonio established the Antonio Narvaes Irrevocable Trust.[1] He named his son, Anthony, as trustee of the Trust. The Trust property was divided into two buckets. The first bucket consisted of Antonio's interest in certain land on the North Shore of Oahu, and the second consisted of land in Kalihi. The Trust listed Antonio's grandsons, Aaron Mark and Antonio Michael Narvaes, as beneficiaries of the first bucket. The Trust named Antonio's three sons, Dennis, Stanley, and Anthony as beneficiaries of the second bucket.[2] The Trust also provides that, if its disposition provisions "do not provide qualified persons to take the trust estate," the Trust's assets are to be distributed to Antonio's "heirs at law."[3]

Anthony, as trustee of the Trust, sold the North Shore property and purchased certain property on Azores Street. He and his wife and sons argue that the Azores Street property should be treated the same as the North Shore property

---

[1] Dkt. 112-1.

[2] *Id.*

[3] Dkt. 112-1 at 6.
2

U.S. Bankruptcy Court - Hawaii   #16-90028   Dkt # 151   Filed 07/12/17   Page 2 of 8

which it replaced and that the Azores Street property should be placed in first bucket of assets for the benefit of Antonio's grandsons. Dennis and Stanley argue that the Azores Street property should be covered by the contingent disposition provisions of the trust and distributed to Antonio's heirs at law, including Dennis and Stanley.

The chapter 7 trustee of Antonio's widow (his second wife) commenced this adversary proceeding seeking to avoid certain transfers of Trust property and to sell property of the Trust pursuant to section 363(h).[4] The trustee alleged that the bankruptcy estate had a beneficial interest in the Trust pursuant to the contingent disposition section because the debtor was one of Antonio's "heirs at law."

On July 11, 2016, defendants Dennis and Stanley brought a crossclaim against their brother, Anthony, individually and as trustee of the Trust, and his wife and sons, alleging that Dennis and Stanley were entitled to recover the proceeds of the Azores Street property of the Trust.

Anthony, his wife, and his sons filed a motion for summary judgment on all counts of the adversary complaint.[5] On May 26, 2017, the motion was heard along

---

[4] Dkt. 1.

[5] Dkt. 117.

3

U.S. Bankruptcy Court - Hawaii   #16-90028   Dkt # 151   Filed 07/12/17   Page 3 of 8

with a motion for partial summary judgment filed by the trustee[6] and Dennis and Stanley's instant motion for partial summary judgment.[7] For reasons stated orally on the record, I granted summary judgment in favor of Anthony, his wife, and his sons on Counts 1 through 3 and 8 through 12 of the complaint and dismissed Counts 4 through 7.[8] I also denied the trustee's motion for partial summary judgment. My ruling effectively removed the trustee from the adversary proceeding. I asked the parties to submit additional briefs on the issue of whether the bankruptcy court could or should retain jurisdiction over the crossclaim. I conclude that, because the trustee is no longer a party to the action, the bankruptcy court lacks subject matter jurisdiction over the crossclaim.

Counts 1 through 3 of the crossclaim seek avoidance of certain transfers under sections 548 and 549 of the Bankruptcy Code and under H.R.S. §§ 651C-4(a)(1) and (2). Dennis and Stanley concede that only the trustee can bring claims under the section 548 and 549.[9] Therefore, to the extent that counts 1 through 3 are brought under section 548 and 549 of the Bankruptcy Code, they are dismissed.

---

[6] Dkt. 122.

[7] Dkt. 111.

[8] Dkt. 143.

[9] *See* Dkt. 144.

U.S. Bankruptcy Court - Hawaii   #16-90028   Dkt # 151   Filed 07/12/17   Page 4 of 8

Bankruptcy courts have subject matter jurisdiction over proceedings "arising under title 11, or arising in or related to cases under title 11."[10] A proceeding "arises under" title 11 if it presents claims for relief created or controlled by title 11.[11] In contrast, the claims for relief in a proceeding "arising in" a title 11 case are not explicitly created or controlled by title 11, but such claims nonetheless would have no existence outside of a bankruptcy case.[12] The remaining category of bankruptcy jurisdiction, "related to" jurisdiction, is an exceptionally broad category encompassing virtually any matter either directly or indirectly related to the bankruptcy case.[13]

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.[14]

---

[10] *See* 28 U.S.C. § 1334; *Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard)*, 729 F.3d 1279, 1285 (9th Cir. 2013).

[11] *Id.*

[12] *Id.*

[13] *Id.* at 1287.

[14] *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original). The Ninth Circuit adopted the *Pacor* test in *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988).

To ascertain the court's subject matter jurisdiction, the court must separately analyze each claim stated in the crossclaim.

The remaining claims under Counts 1 through 8 of the crossclaim are based entirely on state law and do not "arise under" the Bankruptcy Code. Counts 1 through 3 are based on Hawaii's version of the Uniform Fraudulent Transfers Act; Counts 4 through 6 are for constructive trust, breach of fiduciary duty, and unjust enrichment; and Counts 7 through 8 are brought under H.R.S. §§ 668-1 and 668-7 for sale or partition and equitable adjustment and equalization.[15]

None of the claims in the crossclaim "arise in" the bankruptcy case because none are peculiar to the bankruptcy process; all of the claims could be asserted even if the debtor had never sought bankruptcy relief.

The claims do not fall under "related to" jurisdiction. Now that the trustee is not a party, the only issues remaining concern the rights of the debtor, Dennis and Stanley, and Anthony, his wife and his sons in the Trust. The bankruptcy estate will be unaffected by a ruling on any of the claims.

Anthony, his wife, and his sons argue that the bankruptcy court had "related to" jurisdiction when Dennis and Stanley filed their crossclaim and therefore the *Carraher*[16] case permitted the bankruptcy court to retain jurisdiction over the

---

[15] Dkt. 95.

[16] *Carraher v. Morgan Electronics, Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir. 1992).

6

pendent state law claims in the adversary proceeding. In *Carraher*, the Ninth Circuit held that a bankruptcy court may retain jurisdiction over an adversary proceeding after the underlying bankruptcy case has been dismissed, depending on four factors: judicial economy, convenience, fairness, and comity.[17]

*Carraher* is not directly applicable because the underlying bankruptcy case in *Carraher* was dismissed, while in this case the bankruptcy case has not been dismissed. But *Carraher* is analogous to the general rule that, once a federal court dismisses all claims arising under federal law, the court has discretion, but is not required, to retain jurisdiction over any pendent state law claims.[18] The factors analyzed in *Carraher* are a useful guide to the exercise of the court's discretion.[19]

First, retention of the adversary proceeding would not serve judicial economy. A state court could decide the purely state law issues remaining in the crossclaim just as easily as the bankruptcy court.

Second, it is not more efficient or convenient for this court to resolve the

---

[17] *Id.*

[18] *Parra v. Pacificare of Arizona, Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013).

[19] Discretionary abstention is also tempting. I have considered the twelve factors of *Tuscon Estates* and determined that they weigh in favor of discretionary abstention. 912 F.2d 1162, 1167 (9th Cir. 1990). However, the Ninth Circuit has stated that discretionary abstention is available only if there is a pending parallel state court proceeding. *See Sec. Farms v. Int'l Broth. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997). This statement may be nonbinding dicta and may also be incorrect, but I will not address abstention because it is unnecessary to do so.

U.S. Bankruptcy Court - Hawaii   #16-90028   Dkt # 151   Filed 07/12/17   Page 7 of 8

remaining claims in the crossclaim rather than send them to the state court.

Third, state court proceedings to resolve the remainder of the crossclaim would be just as fair as proceedings in this court.

Finally, comity requires a bankruptcy court to consider whether the state laws involved are complex such that they ought to be construed and applied by state trial courts and reviewed by state appellate courts.[20] Though the state law involved in the crossclaim is not complex, the state court is still the appropriate forum for construction and application of the claims.

For these reasons, the crossclaim is dismissed, without prejudice. Because this disposition resolves all remaining claims in this adversary proceeding, Dennis and Stanley's counsel shall submit a proposed separate judgment.

## END OF ORDER

---

[20] *Linkway Inv. Co., Inc., et al. v. Olsen (In re Casamont Investors, Ltd.)*, 196 B.R. 517, 524 (B.A.P. 9th Cir. 1996).

U.S. Bankruptcy Court - Hawaii   #16-90028   Dkt # 151   Filed  07/12/17   Page 8 of 8